

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
**ATTORNEY GENERAL**

December 3, 1947

Hon. Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Opinion No. V-446

Re: Basis of pay of temporary
shorthand court reporter
obtained by reason of the
illness of the regularly
appointed official report-
er.

Dear Mr. Martin:

Your request for an opinion of this Department
as to the construction of Article 2326a, V.C.S., as it
relates to the pay of a temporary court reporter is sub-
stantially as follows:

"On October 8th, 1947, the regular
shorthand reporter became ill, necessi-
tating the Judge of the District Court
getting another shorthand reporter, and
one was secured who resides out of the
District, his residence being in Hender-
son, Texas.

"QUESTION: Would the shorthand re-
porter who resides out of this District,
be paid under the first paragraph of Arti-
cle 2326, Vernon's Civil Statutes, which
provides hotel bills of $4.00 per day and
mileage, either by rail, bus, or private
conveyance, also per diem, or should he be
paid under the last paragraph of this same
article, which states that the shorthand
reporter shall receive and be paid all
actual and necessary expenses in going to
and returning from the place where he or
she may be called on to report the proceed-
ings of any Regular or Special Terms of
Court?

"QUESTION: If you conclude that he
should be paid under the last paragraph of
Article 2326a, that is, his actual and nec-

essary expenses in going to and returning
from the place where he or she may be call-
ed on to report the proceedings, then is he
entitled to any per diem in addition to his
necessary and actual expenses?"

Subsequent to your request for an opinion, you
informed this office that the temporary court reporter
for the 71st Judicial District is the official court re-
porter for the 4th Judicial District.

Article 2326a, V.C.S., provides in part as fol-
lows:

"All official shorthand reporters and
deputy official shorthand reporters of the
District Courts of the State of Texas com-
posed of more than one county, when engaged
in the discharge of their official duties
in any county in this State other than the
county of their residence shall, in addi-
tion to the compensation now provided by
law for their services, be allowed their
actual and necessary expenses while actu-
ally engaged in the discharge of such du-
ties, not to exceed the sum of Four Dollars
per day for hotel bills, and not to exceed
four cents a mile when traveling by rail-
road or bus lines, and not to exceed ten
cents a mile when traveling by private con-
veyance in going to and returning from the
place where such duties are discharged,
traveling the nearest practical route. . .

"Whenever a special term of any Dis-
trict Court in this State is convened and
the services of an additional official or
deputy official shorthand reporter is re-
quired, then this Act shall also apply to
said shorthand reporter so employed by the
Judge of said special term, and all expen-
ses as herein provided shall be allowed and
paid said shorthand reporter so employed
for said special term by the county wherein
said special term is convened and held, and
shall be in addition to the expenses herein
provided for the official or deputy official
shorthand reporter of the  district.

"Where the *official* or *deputy offi-
cial* shorthand reporter does not reside in
the Judicial District for which he or
she is appointed, he or she shall only be
entitled to traveling expenses from the
time he or she reaches the County Line of
any county in the Judicial District. Pro-
vided, however, that whenever any official
or deputy official shorthand reporter is
called upon to report the proceedings of
any special term of Court, <u>or on account
of the sickness of any official shorthand
reporter of any Judicial District, necessi-
tating the employment of a shorthand report-
er from some other county within the State,
then the shorthand reporter so employed
shall receive and be paid all actual and
necessary expenses</u> in going  to and return-
ing from the place where he or she may be
called on to report the proceedings of any
Regular or Special terms of Court." (Em-
phasis added)

In determining the question of whether the
first portion of Article 2326a controls or whether the
last portion of said Article controls, it will be nec-
essary to carefully analyze the provisions of this
Article.  The first paragraph of said Act provides for
actual and necessary expenses while actually engaged
in the discharge of such duties, not to exceed the sum
of $4.00 per day for hotel bills and not to exceed 4¢
per mile when traveling by railroad or bus lines, and
not to exceed 10¢ per mile when traveling by private
conveyance when going to and returning from the place
where such duties are discharged.  The last paragraph
of said Act provides that if the court reporter does
not reside in the judicial district for which he or she
is appointed, he or she shall only be entitled to tra-
veling expenses from the time he or she reaches the
County Line, whereas if any official or deputy short-
hand reporter is called upon to report the proceedings
of any special term of court on account of the sickness
of any official shorthand reporter of any judicial dis-
trict, then the shorthand reporter so employed shall
receive and be paid all actual and necessary expenses
in going to and returning from the place where he or
she may be called on to report the proceedings of any
regular or special terms of court.  The construction
placed upon this last paragraph by this Department is

that the official court reporter from another county would be entitled to actual and necessary expenses in going to and returning from the place where called upon to report such proceedings.  Therefore, it is the opinion of this Department in answer to your first question, that such reporter should be paid all actual and necessary expenses, and in answer to your second question it is the opinion of this Department that the substitute court reporter who is the official court reporter for the 4th Judicial District would not be entitled to any per diem in addition to the actual and necessary expenses.  He would, of course, continue to draw his regular salary from the county or counties in which he is regularly employed.

## SUMMARY

A court reporter who resides out of the judicial district, substituting for the official court reporter in said district by reason of illness, would be entitled to his or her actual or necessary expenses in going to and returning from the place where he or she may be called upon to report such proceedings pursuant to Article 2326a, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Burnell Waldrep
Assistant

APPROVED:

Price Daniel
ATTORNEY GENERAL

BW: djm:mw